**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CLAY T. ROBERTS and CHARITABLE )
ESTATE COUNSELORS, INC., )
                                        )
         Plaintiffs, )
                                        )
v. )       Case No. 09-CV-356-GKF-TLW
                                        )
AMERICAN MEDICAL SECURITY, )
INC., UNITED WISCONSIN LIFE )
INSURANCE CO., AMERICAN MEDICAL )
SECURITY LIFE INSURANCE CO., )
MARTIN DALE, and THE DALE GROUP, )
                                        )
         Defendants. )

## OPINION AND ORDER

Before the court is the Motion to Reconsider [Dkt. #158] filed by plaintiff Clay T. Roberts ("Roberts"). Plaintiff asks the court to reconsider its order of June 11, 2012 [Dkt. #146] granting the Motion for Summary Judgment of defendants American Medical Security, Inc. ("AMS"), United Wisconsin Life Insurance Co. ("UWLIC"), Martin Dale ("Dale") and The Dale Group ("Dale Group").

Roberts asserts reconsideration is warranted because defendants never produced documents which were the subject of his Motion for Out-of-Time Re-Urging of Plaintiff's Motion to Compel filed May 24, 2012. [Dkt. #124]. He argues that without those documents, "[p]laintiffs are handicapped and professionally impaired to support and appeal their positions in resultantly [sic] arguments."

### Procedural History

As set forth in the court's order granting defendants' summary judgment motion, the dispute between these parties has been litigated for 14 years in state and federal court. Plaintiffs

originally sued a former employee, Michael Stephens, and these defendants in Tulsa County District Court in 1998, asserting 17 claims. In 2007, plaintiffs settled their entire dispute with Stephens and dismissed with prejudice the claims against him. The claims against the remaining defendants were dismissed without prejudice on January 9, 2008. On November 19, 2008, plaintiffs filed this second action against defendants in Tulsa County District Court, reasserting the same 17 claims. The case was removed to federal court. Ultimately plaintiffs dismissed 11 of the claims.

On December 19, 2011, the court entered an Amended Scheduling Order which set, *inter alia,* a discovery deadline of March 12, 2012, a dispositive motion deadline of March 26, 2012, and nonjury trial date of July 16, 2012. [Dkt. #93]. The order stated that no further extensions would be granted. [*Id.*].

Notwithstanding this language, the court on March 7, 2012, granted a joint motion to extend the deadline for filing dispositive motions to April 9, 2012. [Dkt. #95]. Defendants filed their Motion for Summary Judgment on April 9, 2012. On May 14, 2012, Roberts, acting pro se, and Charitable Estate Counselors, Inc. ("CEC"), through its counsel, Richardson Richardson Boudreaux Kiesling ("Richardson Firm"), filed separate responses to the summary judgment motion. [Dkt. ##116, 118]. Neither plaintiff requested additional time to respond to the summary judgment motion, nor did they show by affidavit or declaration pursuant to Fed.R.Civ.P. 56(d) that additional time was needed to complete more discovery to respond to the summary judgment motion. [*Id.*].

On May 25, 2012, Roberts filed a Motion for Out-of-Time Re-urging of Plaintiffs' Motion to Compel. [Dkt. #124]. In the motion, Roberts sought leave to file a motion to compel production of full copies of his January and October 1996 commission statements. Defendants,

in their response, contended they had previously produced all commission data and contracts that were even remotely related to this lawsuit, including (1) commission summary statements, which set forth how much plaintiffs received in overrides and commissions for each pay period, including an itemization of first year commissions, renewal commissions, and any applicable bonuses; and (2) commission detail reports for each contract held by either plaintiff, which set forth each commission and/or override that was paid to either plaintiff in chronological order. [Dkt. #134]. Nevertheless, defendants attempted unsuccessfully to resolve the motion by offering to produce full copies of the exact commission statements for January and October 1996 that had been sent to plaintiffs in 1996. [Dkt. #162, Exs.1-5].

In a hearing on June 7, 2012, Magistrate Judge Wilson asked plaintiffs if they had told this court they could not address defendants' summary judgment arguments because they needed more discovery. [Dkt. #161, Transcript of 6/7/2012 Hearing, 4:1-5:1]. Both plaintiffs responded that they had not taken such a position. [*Id.*]. Counsel for defendants stated that they would still be willing to produce the documents as set forth in correspondence prior to the hearing, but that it would take some time to gather and produce those documents. [*Id.* at 19-21]. The Magistrate Judge ordered that the documents be produced on or before June 15, 2012 (after the date set for the hearing on defendants' summary judgment motion). [*Id.* at 22]. Based on this, the Magistrate Judge found the Motion for Leave to File Motion to Compel to be moot. [*Id.*]. At no time before judgment was entered in this case did either plaintiff object to the Magistrate Judge's order.

On June 11, 2012, the court granted in its entirety defendants' summary judgment motion. [Dkt. #146]. On June 28, 2012, Roberts filed the pending motion to reconsider, arguing the January and October 1996 commission statements were "critical to the lawsuit," and

therefore the court should reconsider its summary judgment decision. [Dkt. #158]. Defendants objected to the motion, arguing Roberts had not met the standards set for granting of a Rule 59 motion. [Dkt. #162]. Roberts filed a 30-page reply, which exceeded the 10-page limitation set forth in LCvR 7.2(h). [Dkt. #163]. Defendants then filed a Motion to Strike Plaintiff's Reply Brief or, in the Alternative, Request for Leave to File Sur-Reply. [Dkt. #167]. Defendant's motion to strike was granted, and the reply brief was stricken. [Dkt. #170].

## Applicable Standard

The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd of Cty. Comm's,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.*; *see Syntroleum Corp.,* 2009 WL 761322, at *1. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete,* 204 F.3d at 1012.

**Analysis**

Roberts appears to argue the January and October 1996 commission statements constitute "new evidence." When attempting to introduce additional evidence, the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, movant made a diligent yet unsuccessful attempt to discover the evidence. *See Bell v. Board of County Commissioners,* 451 F. 3d 1097, 1102 (10nth Cir. 2006; *McMahen v. Gaffey, Inc.,* 52 Fed.Appx. 90, 92 (10th Cir. 2002) (unpublished).

The commission statements are not newly discovered evidence. *See Zurich North America v. Matrix Service, Inc.,* 426 F.3d 1281, 1290 (10th Cir. 2005) (holding that where party knew about missing documentation for a year prior to trial and did not attempt to discover the documents on a timely basis, the documents were not "new evidence"). Plaintiffs have been aware of the existence of the commission statements for 16 years, and defendants assert plaintiffs received full copies of them during 1996.

Moreover, Roberts has not demonstrated he diligently sought the documents. On March 12, 2010, Roberts, acting pro se, filed a Motion to Compel seeking production of, *inter alia,* the January and October 1996 commission statements. [Dkt. #44, Ex. 1]. On March 25, 2010, the court ordered CEC to hire counsel. [Dkt. #57]. Roberts hired the Richardson Richardson Firm to represent both plaintiffs, and it entered an appearance on July 13, 2010. [Dkt. ##68, 69].

Thereafter, counsel for defendants and Bill Smith of the Richardson Firm discussed several items related to the litigation, including Roberts' pending motion to compel. Defendants' counsel explained to Smith that "full" commission statements had not been produced by either plaintiffs or defendants in either lawsuit because the statements, which were mailed twice a month, were hundreds of pages long; to the extent defendants had them in their possession, they

were stored on microfiche and the cost of production to plaintiffs would be very expensive; full statements had been mailed to plaintiffs at the time they were generated, and should therefore already be in plaintiffs' possession; and defendants had produced commission summary statements, which set forth the commission information plaintiffs sought. [Dkt. #134 at 4]. After counsel for plaintiffs reviewed defendants' documents, he advised that he was satisfied with the production and, in July 2010, the Motion to Compel was withdrawn. [Dkt. ##72-74, 162, Ex. 6].[1]

Roberts did not raise the issue of the commission statements again until May 25, 2012—more than two months after discovery cutoff and more than a month after defendants filed their summary judgment motion. In the hearing before Magistrate Judge Wilson, neither plaintiff took the position that the commission statements were necessary to respond to the summary judgment motion. Moreover, neither plaintiff showed by affidavit or declaration that they could not present facts essential to justify their opposition to the pending motion for summary judgment, as permitted by Fed.R.Civ.P. 56(d).

Roberts has failed to demonstrate either that the January and October 1996 commission statements are "new evidence" or that he diligently sought to discover the statements.

---

[1] In addition to commission summary statements, defendants gave the Richardson Firm commission detail reports for each contract held by either plaintiff. [Dkt. #162 at 16]. These reports set forth each override or commission paid to plaintiffs in chronological order; identifying information regarding the policy that the override or commission was generated from; identifying information regarding the policy holder and the agent responsible for the sale; the amount of the override or commission, and the date the override or commission was paid. [*Id.*]. An AMS corporate representative, Amy Terrien, was deposed about the documents. [*Id.* at 16-17].

**Conclusion**

For the reasons set forth above, Roberts' Motion to Reconsider [Dkt. #158] is denied.

ENTERED this 25th day of October, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA